UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARC MIRSKY, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>ULTA SALON COSMETICS & FRAGRANCE, INC., LYN P. KIRBY, GREGG R. BODNAR, and BRUCE E. BARKUS,<br><br>        Defendants. | Case No. 07-CV-7083 |
| WESTLEY BASSETT, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>ULTA SALON COSMETICS & FRAGRANCE, INC., LYNELLE P. KIRBY, GREGG R. BODNAR, AND BRUCE E. BARKUS,<br><br>        Defendants. | Case No. 08-CV-00277 |
| EUGENE B. CHASE III, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC., LYNELLE P. KIRBY, GREGG R. BODNAR AND BRUCE E. BARKUS,<br><br>        Defendants. | Case No. 08-CV-428 |

**MEMORANDUM IN SUPPORT OF MOTION OF EUGENE B. CHASE, III FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, <u>AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

## INTRODUCTION

Pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), Eugene B. Chase, III ("Chase" or "Movant") respectfully move this Court for an order consolidating the above-captioned related actions[1], appointing Chase as Lead Plaintiff on behalf of himself and all other similarly situated purchasers of securities of Ulta Salon, Cosmetic & Fragrance, Inc. ("ULTA" or the "Company") during the period from October 25, 2007 to December 10, 2007, inclusive (the "Class Period"), and for approval of his selection of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. ("Cohen Milstein") as Lead Counsel for the Class.

The first complaint was filed on December 17, 2007 against ULTA and certain of its officers and directors for violation of §§11 and 15 of the Securities Act of 1933 (the "Securities Act"). Subsequent filed actions also alleged violations of §§ 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"). Those complaints, and the other related class actions filed against ULTA (collectively, the "Related Actions"), are predicated on similar facts and allege that the Registration Statement and Prospectus (collectively, the "Offering Documents") for ULTA's Initial Public Offering (the "IPO") contained materially false statements, and that the after-market price of ULTA securities was artificially inflated during the Class Period as a result of defendants' misrepresentations about the Company's financial condition and results. Movant purchased 500 shares of common stock and sustained a loss of over $7,166. Under section 21D of the Exchange Act, Movant is presumptively the "most adequate plaintiff" and should be appointed as lead plaintiff for the

---

[1] Plaintiff Chase's request for consolidation is pending the reassignment of his action to this Court, in accordance with the parties' recent Stipulation and Defendants' Agreed Motion for Reassignment submitted to the Court, which motion was granted on February 15, 2008.

Class because he is the single individual that has "the largest financial interest in the relief sought by [the] class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

## FACTUAL BACKGROUND

The complaints filed in the above-captioned actions charge ULTA; Lynelle P. Kirby, the Company's President and Chief Executive Officer; Gregg R. Bodnar, the Company's Chief Financial Officer; and Bruce E. Barkus the Company's Chief Operating Officer, with violations of the Securities Act and the Exchange Act. According to the complaints, the defendants allegedly knowingly or recklessly issued false and misleading statements that materially misrepresented ULTA's trends in expenses and inventory levels, allowing the company to conduct its IPO and causing the Company's stock price to be artificially inflated in the aftermarket.

According to the Complaint, on December 11, 2007, ULTA disclosed its third quarter 2007 results for the quarter that ended less than two weeks after its IPO. On that date, ULTA revealed that its selling, general, and administrative expenses ("SG&A") had increased 36% to $55.6 million, due largely to increased expenditure for advertising. The Company also announced that its operating income and net income for the first nine months of 2007 had declined compared to the same period of the prior year, and that its inventory levels had increased.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The Related Actions all arise from the same set of events and allege substantially similar factual and legal issues. All of the Related Actions have been filed pursuant to Sections 11 and 15 of the Securities Act and/or Sections 10(b) and 20(a) of the Exchange Act, and name the same defendants. "The proper solution to problems created by the existence of two or more cases

2

involving the same parties and issues simultaneously pending in the same court would be to consolidate them under Rule 42(a)." *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 765 (11th Cir. 1995) (quoting *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1995)).

All of the Related Actions were brought by investors who were injured by purchasing and/or obtaining ULTA securities during a similar Class Period. Moreover, each alleges that during the Class Period the prices of ULTA securities were inflated due to the intentional and/or reckless dissemination of materially false and/or misleading statements by the defendants.

Consolidation of the Related Actions is thus appropriate as common questions of law and fact predominate over any individual issues in the Related Actions. Fed. R. Civ. P. 42(a). Accordingly, the motion to consolidate the Related Actions should be granted once the *Chase* action has been reassigned to this Court's calendar as a related case pursuant to Local Rule 40.4.

## II.  MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

### A.  The Legal Requirements under the PSLRA

The PSLRA sets forth procedures for the selection of lead plaintiffs in class actions brought under the Securities Act or the Exchange Act. 15 U.S.C. §§77z-1(a)(3), 78u-4(a)(3). The PSLRA requires the court to consider all motions made by purported class members seeking appointment and to determine the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §§ 77z-1(a)(3)(B)(i), 78u-4(a)(3)(B)(i).[2]

---

[2] Pursuant to 15 U.S.C. §§ 77z-1(a)(3)(A)(i)(II) and 78u-4(a)(3)(A)(i)(II), plaintiff has filed this motion within 60 days after notice of the pendency of that action was disseminated to class members by the plaintiff who filed the initial related action. The original notice was published on December 18, 2007 (and was subsequently corrected on December 19, 2007) and is attached as Exhibit A to the Declaration of Carol Gilden. The Corrected Notice called for filing a lead plaintiff motion by February 18, 2008, a court holiday, which under Rule 6 of the Federal Rules of Civil Procedure makes that filing due today.

In determining the motion, the Court must adopt a presumption that the most adequate plaintiff is the person who "has the largest financial interest in the relief sought by the class" and who otherwise satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class. §15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Motorola Sec. Litig.*, 2003 U.S. Dist. LEXIS 12651, at *8 (N.D. Ill. 2003).

Movant satisfies each of these requirements. During the Class Period, Movant suffered losses in excess of $7,166 from his purchases of ULTA securities.[3] Because Movant has a significant interest in the outcome of this litigation, if not the largest interest, he is presumed to be the "most adequate" plaintiff. 15 U.S.C.§ 78u-(4)(a)(3)(B)(iii)(I)(bb). Movant is qualified to represent the class and is willing to serve as a representative party. In addition, Movant has selected counsel highly experienced in prosecuting securities class actions such as this one. Accordingly, Movant satisfies the requirements for appointment as Lead Plaintiff under the PSLRA and the instant motion should be granted.

B.   **The Movant Satisfies the Requirements of Rule 23**

The PSLRA requires that the lead plaintiff must, in addition to having the largest financial interest, "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). With respect to the claims of class representatives, Rule 23(a) requires that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) such claims are typical of those of the class; and (4) the representatives will fairly and adequately protect the

---

[3] A copy of Movants' certifications and loss calculation worksheets are attached as Exhibit B to the Declaration of Carol Gilden.

interests of the class. Typicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiff under the PSLRA. *See In re Motorola Sec. Litig.*, 2003 U.S. Dist. LEXIS 12651, at *9 (N.D. Ill. 2003); *Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 228 (N.D. Ill. 2002); *see also Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001); *Switzenbaum v. Orbital Science Corp.*, 187 F.R.D. 246, 249 (E.D. Va. 1999); *In re Oxford Health Plans, Inc. Sec. Litig.*, 1998 U.S. Dist. LEXIS 10694, at 23 (S.D.N.Y. 1998); *Chill v. Green Tree Fin. Corp.*, 1998 U.S. Dist. LEXIS 11427, at *20 n.8 (D. Minn. 1998) ("For purposes [of the lead plaintiff analysis] a proposed Lead Plaintiff need only make a preliminary showing that he or she satisfied the typicality and adequacy requirements of Rule 23.").

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." The Northern District of Illinois has held that "[t]he typicality requirement is satisfied if the claims and legal theories of the class representatives are the same as those of the absent class members, even though factual distinctions may exist." *Levett v. Chicago Bd. of Educ.*, 2001 U.S. Dist. LEXIS 315, at *7 (N.D. Ill. 2001). As one court has noted: "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class." *O'Connor v. Boeing N. Am., Inc.*, 197 F.R.D. 404, 412 (C.D. Cal. 2000); *see also Chisholm v. Transouth Financial Corp.*, 184 F.R.D. 556, 563 (E.D. Va. 1999) ("Complete identification between the claims constituting each individual action is not required.").

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." *In re Bank One Secs. Litig./First Chi. S'holder Claims*, 2002 U.S. Dist. LEXIS 8709, at *8-9 (N.D. Ill. 2002). Representation is adequate when counsel for the class is qualified and

5

competent, and the interests of the representatives are not antagonistic to the interests of absent class members. *Gammon v. GC Serv. Ltd. P'ship*, 162 F.R.D. 313, 317 (N.D. Ill. 1996).

Movant is an adequate representatives for the class. There is no antagonism between his interests and those of the class.[4] Moreover, he has selected counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and has submitted his choice to the Court for its approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Accordingly, Movant's motion to be appointed as Lead Plaintiff should be granted.

## III. THE COURT SHOULD APPROVE THE PROPOSED LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Movant has selected Cohen Milstein as Lead Counsel for the Class. Cohen Milstein has extensive experience in the areas of securities and complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Exhibit C of the Declaration of Carol V. Gilden. Thus, the Court may be assured that the Class will receive the highest caliber of legal representation available.

---

[4] Pursuant to 15 U.S.C. § 78u-4(a)(2)(A)(I), Movant has executed a certification stating that he has reviewed a complaint in this matter, did not purchase ULTA securities at his attorney's direction or in order to participate in any private action arising under the PSLRA, will not accept any payment for serving as a representative party beyond his pro-rata share of the recovery except as approved by the Court, and is willing to serve as a representative party on behalf of a class; and setting forth his transactions in UTLA securities during the Class Period. Movant has not sought to serve as a representative party in any other action within the last three years. *See* Exhibit B of the Declaration of Carol V. Gilden.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court (i) consolidate the Related Actions; (ii) appoint Movant as Lead Plaintiff on behalf of the Class; and (iii) approve Lead Plaintiff's selection of Cohen Milstein as Lead Counsel for the Class.

Dated: February 19, 2008            Respectfully submitted,

By:    /s/ Carol V. Gilden
Carol V. Gilden, Esq.
Melissa M. McGuane, Esq.
**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
Phone: 312- 357-0370
Fax: 312-357-0369

Steven J. Toll, Esq.
Daniel S. Sommers, Esq.
Joshua S. Devore, Esq.
**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
1100 New York Avenue N.W.
West Tower, Suite 500
Washington, DC 20005-3964
Telephone: (202) 408-4600

*Counsel for Movant and Proposed Lead Counsel for the Class*

338493.1 1

## **CERTIFICATE OF SERVICE**

I, Carol V. Gilden, hereby certify that on February 19, 2008, I electronically filed the foregoing Memorandum in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

> Sean M. Berkowitz
> Michael J. Faris
> Patrick M. Otlewski
> LATHAM & WATKINS LLP
> Sears Tower, Suite 5800
> 233 South Wacker Drive
> Chicago, IL 60606
> Tel: (312) 876-7700
> Fax: (312) 993-9767
> Sean.Berkowitz@lw.com
> Michael.Faris@lw.com
> Patrick.Otlewski@lw.com
>
> Marvin A. Miller
> Lori A. Fanning
> MILLER LAW, LLC
> 115 S. LaSalle Street, Suite 2910
> Chicago, IL 60603
> mmiller@millerlawllc.com
> lfanning@millerlawllc.com
>
> Deborah R. Gross
> Robert P. Frutkin
> LAW OFFICES OF BERNARD M. GROSS, P.C.
> Suite 450, John Wanamaker Building
> Philadelphia, PA 19107
> debbie@bernardmgross.com

The following individual is either not an e-filer or has not otherwise consented to service by electronic means under Fed. R. Civ. P. 5(b)(2)(D) and will receive a paper copy of the foregoing via U.S. Express Mail, postage prepaid:

> Kenneth Elan
> Law Offices of Kenneth Elan
> 217 Broadway, Suite 606
> New York, NY 10007

/s/ Carol V. Gilden